## Appeal of EAGLE DYE WORKS.          Docket No. 621.

Depreciation computed on taxpayer's building.

Submitted February 10, 1925; decided February 27, 1925.

*Morris D. Kopple, Esq.*, for the taxpayer.
*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, and LITTLETON.

This is an appeal from a determination by the Commissioner of the income and profits tax liability of the Eagle Dye Works, Hartford, Conn., for the calendar years 1919 and 1920, of a deficiency in the amount of $2,479.27 for 1919 and an overassessment of $791.64 for 1920, or a proposed net deficiency of $1,687.63. The appeal alleges that the Commissioner has allowed insufficient depreciation on a building used by the taxpayer in carrying on its business.

From the oral testimony of the treasurer and general manager of the taxpayer, and taxpayer's original returns for 1919 and 1920 introduced in evidence by the Commissioner, the Board makes the following

### FINDINGS OF FACT.

(1) The taxpayer is a Connecticut corporation with principal office at 396 Woodland Street, Hartford, Conn., and is engaged in the business of cleaning and dyeing. A deficiency letter was mailed to the taxpayer on November 5, 1924, asserting an additional tax of $2,479.27 for 1919 and an overassessment of $791.64 for 1920.

(2) The taxpayer's building on which the amount of the annual depreciation for the years 1919 and 1920 is in dispute was constructed in the latter part of the year 1917. The building occupies ground

space of 200 feet by 100 feet. It is one-story, with foundation and frame of concrete and steel; 12-inch walls and 8-inch partitions of brick; concrete and wood floors, and slag roof.

(3) The taxpayer duly filed an income and profits tax return for the calendar year 1919 in which it claimed in Schedule " A 18 " thereof depreciation on its building shown as costing $70,150 at the rate of 5 per cent per annum, of $3,507.50, based upon an estimated probable life of 20 years.

The balance sheet attached to the return as Schedule " K " includes this building, together with land on which it is situated, at a value of $70,150.

The taxpayer also duly filed an income and profits tax return for the calendar year 1920 and claimed in Schedule " A 18 " thereof depreciation on its building shown as costing $70,150 at the rate of 5 per cent per annum, or $3,507.50, based upon an estimated probable life of 20 years.

The balance sheet attached to the return as Schedule " K " thereof shows this building, together with land on which it is situated, at a value of $70,150.

(4) The land on which the building in question is located cost $8,050 in 1917.

(5) The building on which taxpayer claims depreciation at the rate of 5 per cent per annum for the years 1919 and 1920 cost $62,100 in 1917.

(6) Upon audit of the returns for 1919 and 1920, the Commissioner reduced the annual depreciation claimed by taxpayer from 5 per cent, based upon an estimated life of 20 years, to 3 per cent, based upon an estimated life of 33⅓ years, on the cost of $70,150 as shown in the returns.

(7) In its dyeing process the taxpayer uses sulphuric and acetic acids, chloride of lime, ammonia, and other acids. Only three rooms each approximately 30 feet square, of the entire building are used for dyeing purposes and these rooms constitute the only portion of the building affected by the chemicals. By reason of the chemicals contained in the water from the vats coming in contact with the floors it has been necessary since 1917 to the present time to repair a portion of the floors in two of the dyeing rooms, and the floor in the third room shows the effect of the chemicals. The effect of the chemicals on the brick walls at floor level is noticeable. It is necessary to paint the steel girders supporting the roof and the steam pipes in these rooms annually on account of the effect of the acids thereon. Electric blowers are installed in the windows of the dyeing rooms to carry out the fumes.

### DECISION.

The tax liability of this taxpayer for the years 1919 and 1920 should be computed in accordance with the following opinion. Final decision will be settled on consent or on seven days' notice in accordance with Rule 50.

### OPINION.

LITTLETON: In his original answer, filed December 4, 1924, the Commissioner moved to dismiss the appeal, in so far as it related to

the year 1920, on the ground that he had determined an overassessment for that year, and that, therefore, the Board is without jurisdiction to consider the appeal for the year 1920.

At the hearing the Commissioner moved to amend his answer so as to allege that, in addition to his previous denial of taxpayer's allegations, the amount of depreciation allowed by him on the building for each .of the years 1919 and 1920 should be further reduced for the reason that land of the value of $8,050 was included in the amount of $70,150, upon which amount he computed depreciation, and that depreciation, therefore, should be computed at the rate of 3 per cent per annum, or $1,863 on $62,100, the cost of the building. This amendment was allowed.

The motion to dismiss the appeal as to the year 1920 upon the ground that the Board is without jurisdiction to consider that year must be overruled. Taxpayer is entitled to a decision as to the correctness of the deficiency asserted by the Commissioner. In an appeal from a deficiency in any year this Board has jurisdiction to consider the tax liability for any other year not barred by the statute of limitations when necessary to a correct determination of the deficiency asserted. It is necessary, therefore, in this appeal, to consider the year 1920, for the reason that, if taxpayer's appeal as to 1919 is allowed in whole or in part as to the depreciation claimed, it then becomes entitled to a greater depreciation than has been allowed for 1920. If the tax for 1919 is reduced, the invested capital for 1920 is affected. *Appeal of E. J. Barry*, 1 B. T. A. 156. *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409. *Appeal of Tel-Electric Co.*, 1 B. T. A. 434. This Board has jurisdiction to consider the year 1920 for the further reason that the Commissioner, by amending his answer, has raised the issue that the amount of depreciation allowed by him in both the years 1919 and 1920 is excessive because computed upon an amount which is $8,050 in excess of the cost of the building.

The only question involved in this appeal is the amount of annual depreciation to which taxpayer is entitled for the years 1919 and 1920 on a building used in its business. In its returns for each of the years 1919 and 1920, the taxpayer deducted depreciation on this building in the amount of $3,507.50, based upon an estimated life of 20 years. The amount claimed was 5 per cent of $70,150, the alleged cost of the building in 1917.

The Commissioner in the deficiency letter determined that the building erected in the latter part of 1917 had a probable life of 33⅓ years and allowed depreciation thereon at the rate of 3 per cent per annum, or $2,104.50, upon the claimed cost of $70,150. The taxpayer claims that due to the nature of its business the building has a probable useful life of only 20 years, and that it is entitled to depreciation at the rate of 5 per cent per annum on the cost thereof. The probable useful life of the building and the amount of depreciation which should be allowed thereon must be determined from facts and circumstances, the materials of which the building is constructed, and the nature and character of the business for which it is used. Only a portion of this building is used for dyeing purposes, the remainder being unaffected by the chemicals used. It was admitted that, except for the effect of the chemicals used by this taxpayer, the depreciation allowed by the Commissioner on the cost of the building at 3 per cent would be reasonable, but it is claimed by tax-

payer that, due to the particular nature of its business and the effect upon the building of the chemicals in use in the same, its building is depreciating more rapidly and will be rendered useless at the end of 20 years. The building is substantially constructed of brick, concrete, and steel, with a very small portion of wooden floors, and covers a ground space of 200 feet by 100 feet. Of the entire building, only the three rooms used for dyeing purposes are affected by the chemicals, and it appears from the evidence that the effect thereof is greatly offset by ordinary repairs.

We are of the opinion upon the facts in this appeal that the probable useful life of this building is 33⅓ years, as determined by the Commissioner, and that an allowance for depreciation and exhaustion of 3 per cent per annum on its cost in 1917 is reasonable, and the Commissioner's action in this regard is approved.

The evidence before us shows that the taxpayer in its returns and the Commissioner in his determination, as set forth in the deficiency letter, computed depreciation on this building for each of the years 1919 and 1920 upon a cost of $70,150 in 1917, and that this amount included land of the value of $8,050. Depreciation at 3 per cent per annum, or $1,863 on $62,100, the cost of the building in 1917, should be allowed for each of the years 1919 and 1920.